IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00130-CV

 

Douglas Norton and Wife Tracy Norton,

                                                                                    Appellants

 v.

 

Key Energy Services, Inc.,

                                                                                    Appellee

 

 



From the 87th District Court

Freestone County, Texas

Trial Court No. 04-021-B

 



abate for mediation ORDER










 

            The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005).  The policy behind
ADR is stated in the statute: “It is the policy of this state to encourage the
peaceable resolution of disputes . . . and the early settlement of pending
litigation through voluntary settlement procedures.”  Id. § 154.002
(Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory but non-binding
settlement conference, conducted with the assistance of a mediator.  Mediation
is private, confidential, and privileged.

        We find that this appeal is appropriate
for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.

        The Court assigns Deborah Hankinson as the
mediator.  Her address and phone number are as follows:

2305 Cedar Springs Rd., Suite 230

Dallas,
 TX, 75201

(214) 754-9190

 

        Mediation must occur within thirty days
after the date of this Order.

        Before the first scheduled mediation
session, each party must provide the mediator and all other parties with an
information sheet setting forth the party’s positions about the issues that
need to be resolved.  At or before the first session, all parties must produce
all information necessary for the mediator to understand the issues presented. 
The mediator may require any party to supplement the information required by
this Order.

        Named parties must be present during the
entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

        Immediately after mediation, the mediator
must advise this Court, in writing, only that the case did or did not settle
and the amount of the mediator’s fee paid by each party.  The mediator’s fees
will be taxed as costs.  Unless the mediator agrees to mediate without fee, the
mediator must negotiate a reasonable fee with the parties, and the parties must
each pay one-half of the agreed-upon fee directly to the mediator.

        Failure or refusal to attend the mediation
as scheduled may result in the imposition of sanctions, as permitted by law.  

        Any objection to this Order must be filed
with this Court and served upon all parties within ten days after the date of
this Order, or it is waived.

        We
abate this appeal for mediation. 

PER
CURIAM

Before
Chief Justice Gray,

        Justice
Vance, and

        Justice
Reyna

        (Justice
Vance dissents with a note)*

Appeal
abated

Order
issued and filed February 27, 2008

Do
not publish

 

            *
“(I disagree with this order for two reasons: (1) common courtesy suggests that
we should contact the proposed mediator prior to appointing her to ascertain
her availability and willingness to mediate; and (2) the cost of mediation is
likely to be disproportionate to the amount in controversy.)”